UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAN 2 4 2013
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

| UNITED STATES OF AMERICA | CRIM NO. WDQ-13-035 |
|---|---|
| v. | (Wire Fraud, 18 U.S.C. § 1343; Subscribing to a False Return, 26 U.S.C. § 7206(1); Aiding in the Filing of a False Return, 26 U.S.C. § 7206(2); Aggravated Identity Theft, 18 U.S.C. § 1028A; Visa Application Fraud, 18 U.S.C. § 1546(a)) |
| KAREN KIMBLE, aka "KAREN KIMBLE-MAMAH," aka "KAREN MAMAH," | |
| Defendant. | |

## INDICTMENT

The Grand Jury for the District of Maryland charges that:

1. At all times relevant to this Indictment, defendant **KAREN KIMBLE, aka "KAREN KIMBLE-MAMAH," aka "KAREN MAMAH"** (referred to herein as "**KAREN KIMBLE**") lived in the District of Maryland.

### The Scheme to Defraud

2. Beginning in February 2008 and continuing through at least April 2012, in the District of Maryland and elsewhere, the defendant, **KAREN KIMBLE,** did knowingly and willfully devise and intend to devise a scheme and artifice to defraud the Internal Revenue Service ("IRS") and the State of Maryland and to obtain money and property intended for the Internal Revenue Service and State of Maryland by means of materially false and fraudulent pretenses and representations, and material omissions, as set forth below.

### Manner and Means of the Scheme to Defraud

3. It was part of the scheme and artifice to defraud that defendant **KAREN KIMBLE** falsely held herself out to others as a "certified tax preparer" who could prepare individual tax returns for others for pay or as a favor to friends.

**KIMBLE** falsely represented that she had a business dedicated to the preparation of tax returns named Fiscally Yours, LLC, which had employees engaged in the business of tax preparation and insurance to cover any losses from the improper preparation of tax returns.

5. It was further part of the scheme and artifice to defraud that defendant **KAREN KIMBLE** prepared IRS and State of Maryland tax returns for others with falsely inflated credits and deductions so as to fraudulently increase the amount of the tax refund provided to the taxpayer by the IRS and the State of Maryland, and did not inform the taxpayer of the false deductions and credits.

6. It was further part of the scheme and artifice to defraud that defendant **KAREN KIMBLE** caused the submission of tax returns to the Internal Revenue Service and the State of Maryland from a computer in Baltimore, Maryland to the state of Massachusetts.

7. It was further part of the scheme and artifice to defraud that defendant **KAREN KIMBLE** provided to her taxpayer clients a tax return different from the false ones that she filed and that did not reflect the false credits and deductions or the falsely inflated refund amount.

8. It was further part of the scheme and artifice to defraud that defendant **KAREN KIMBLE** directed that the falsely inflated tax refunds be mailed or direct deposited in one of the following ways: 1) the entire refund was sent to defendant **KAREN KIMBLE**; or 2) some of the refund was sent to the taxpayer and some was sent to defendant **KAREN KIMBLE.**

9. It was further part of the scheme and artifice to defraud that defendant **KAREN KIMBLE** received at least $162,124 in fraudulent refunds from the Internal Revenue Service.

10. It was further part of the scheme and artifice to defraud that defendant **KAREN KIMBLE** received at least $59,574 in fraudulent refunds from the State of Maryland.

11. It was further part of the scheme and artifice to defraud that defendant **KAREN KIMBLE** falsely inflated her own deductions and credits on her personal IRS and State of

Maryland tax returns.

12.     It was further part of the scheme and artifice to defraud that defendant **KAREN KIMBLE** failed to report on her own tax returns, for tax years 2007 to 2011, the income she received by retaining the tax refunds of the taxpayers for whom she prepared returns.

[Remainder of page left blank]

## The Charges

### COUNTS ONE TO SIX
(Wire Fraud)

13. On or about the dates set forth below, in the District of Maryland and elsewhere, the defendant,

**KAREN KIMBLE,**
aka "KAREN KIMBLE-MAMAH,"
aka "KAREN MAMAH,"

for the purpose of executing and attempting to execute the scheme to defraud, knowingly caused to be transmitted in interstate commerce by means of wire communications certain signals, signs, and sounds, namely:

| Count | Date of Wire Transmission | Description of Wire Transmission |
|---|---|---|
| 1 | 2/18/2010 | Form 1040 for "J.F." for Tax Year 2009 sent from Baltimore, Maryland to Andover, Massachusetts via electronic filing. |
| 2 | 2/24/2010 | Form 1040 for "A.T." for Tax Year 2009 sent from Baltimore, Maryland to Andover, Massachusetts via electronic filing. |
| 3 | 2/19/2011 | Form 1040 for "J.W." for Tax Year 2010 sent from Baltimore, Maryland to Andover, Massachusetts via electronic filing. |
| 4 | 2/27/2011 | Form 1040 for "J.F." for Tax Year 2010 sent from Baltimore, Maryland to Andover, Massachusetts via electronic filing. |
| 5 | 4/15/2011 | Form 1040 for "A.T." for Tax Year 2010 sent from Baltimore, Maryland to Andover, Massachusetts via electronic filing. |
| 6 | 4/15/2011 | Form 1040 for "Z.K." for Tax Year 2010 sent from Baltimore, Maryland to Andover, Massachusetts via electronic filing. |

18 U.S.C. § 1343
18 U.S.C. § 2

## COUNTS SEVEN TO ELEVEN
(Tax Fraud)

The Grand Jury for the District of Maryland further charges:

14. Paragraphs 1-12 are hereby incorporated by reference as if fully set out herein.

15. On or about the dates set forth below, in the District of Maryland, the defendant,

**KAREN KIMBLE,**
**aka "KAREN KIMBLE-MAMAH,"**
**aka "KAREN MAMAH,"**

a resident of Baltimore, Maryland, did willfully make and subscribe via electronic PIN IRS U.S. Individual Income Tax Returns Forms 1040, as described below, each of which was verified by a written declaration that it was made under the penalties of perjury and which **KAREN KIMBLE** did not believe to be true and correct as to every material matter. Each IRS Form 1040, which was filed with the Internal Revenue Service Center at Andover, Massachusetts contained false statements, as described below.

| Count | Filing Date | Tax Year | Taxpayer | False Item |
|---|---|---|---|---|
| 7 | 1/31/2008 | 2007 | "Karen L. Kimble" | Itemized deductions - line 40 |
| 8 | 1/26/2009 | 2008 | "Karen L. Kimble-Mamah" and "T.M." | Itemized deductions - line 40 |
| 9 | 2/3/2010 | 2009 | "Karen L. Kimble-Mamah" and "T.M." | Itemized deductions - line 40a |
| 10 | 2/27/2011 | 2010 | "Karen L. Kimble-Mamah" and "T.M." | Itemized deductions - line 40 |
| 11 | 5/21/2012 | 2011 | "Karen L. Kimble" | Itemized deductions - line 40 |

26 U.S.C. § 7206(1)
18 U.S.C. § 2

## COUNTS TWELVE TO SIXTEEN
(Tax Fraud)

The Grand Jury for the District of Maryland further charges:

16. Paragraphs 1-12 are hereby incorporated by reference as if fully set out herein.

17. That on or about the dates set forth below, in the District of Maryland, the defendant,

**KAREN KIMBLE,**
**aka "KAREN KIMBLE-MAMAH,"**
**aka "KAREN MAMAH,"**

a resident of Baltimore, Maryland, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the IRS, of U.S. Individual Income Tax Returns, Forms 1040, along with the accompanying schedules, for the taxpayers and years specified below, which were false and fraudulent as to a material matters, in that they represented that these taxpayers were entitled under the provisions of the Internal Revenue laws to claim the filing statuses, exemptions, deductions and credits hereinafter specified, whereas the defendant then and there well knew and believed, these taxpayers were not entitled to claim the specified filing statuses and exemptions, and were not entitled to claim the specified deductions and credits in the amounts claimed on the returns, but lesser amounts or no amounts.

| Count | Filing Date | Tax Year | Taxpayer | False Item |
|---|---|---|---|---|
| 12 | 2/18/2010 | 2009 | J.F. | Itemized deductions - line 40a |
| 13 | 2/24/2010 | 2009 | A.T. | Itemized deductions - line 40a |
| 14 | 2/27/2011 | 2010 | J.F. | Itemized deductions - line 40 |
| 15 | 4/15/2011 | 2010 | A.T. | Itemized deductions - line 40 |
| 16 | 4/15/2011 | 2010 | Z.K. | Itemized deductions - line 40 |

26 U.S.C. § 7206(2)

6

## COUNT SEVENTEEN
(Aggravated Identity Theft)

18. The Grand Jury for the District of Maryland further charges that:

On or about February 18, 2010 in the District of Maryland, the defendant,

**KAREN KIMBLE,
aka "KAREN KIMBLE-MAMAH,"
aka "KAREN MAMAH,"**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, the name and social security number of J.F., during and in relation to a violation of 18 U.S.C. § 1343 (wire fraud) as charged in Count 1 of this Indictment.


18 U.S.C. § 1028A
18 U.S.C. § 1028A(C)(5)

7

## COUNT EIGHTEEN
(Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

19. On or about February 24, 2010 in the District of Maryland, the defendant,

**KAREN KIMBLE,
aka "KAREN KIMBLE-MAMAH,"
aka "KAREN MAMAH,"**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, the name and social security number of A.T., during and in relation to a violation of 18 U.S.C. § 1343 (wire fraud) as charged in Count 2 of this Indictment.


18 U.S.C. § 1028A
18 U.S.C. § 1028A(C)(5)

## COUNT NINETEEN
(Aggravated Identity Theft)

20.  The Grand Jury for the District of Maryland further charges that:

On or about February 19, 2011 in the District of Maryland, the defendant,

**KAREN KIMBLE,
aka "KAREN KIMBLE-MAMAH,"
aka "KAREN MAMAH,"**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, the name and social security number of J.W., during and in relation to a violation of 18 U.S.C. § 1343 (wire fraud) as charged in Count 3 of this Indictment.


18 U.S.C. § 1028A
18 U.S.C. § 1028A(C)(5)

## COUNT TWENTY
(Aggravated Identity Theft)

21. The Grand Jury for the District of Maryland further charges that:

On or about April 15, 2011 in the District of Maryland, the defendant,

**KAREN KIMBLE,
aka "KAREN KIMBLE-MAMAH,"
aka "KAREN MAMAH,"**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, the name and social security number of Z.K., during and in relation to a violation of 18 U.S.C. § 1343 (wire fraud) as charged in Count 6 of this Indictment.

18 U.S.C. § 1028A
18 U.S.C. § 1028A(C)(5)

## COUNT TWENTY-ONE
(Visa Application Fraud)

The Grand Jury for the District of Maryland further charges that:

22. At all times relevant, defendant **KAREN KIMBLE** was a United States citizen, having been born in the United States.

23. The Department of Homeland Security ("DHS") is an agency of the federal government responsible for, among other things, processing applications for immigration to the United States. Prior to 2003, immigration issues were the responsibility of the former Immigration and Naturalization Service ("INS"), an agency within the Department of Justice. Several agencies within DHS assist in administering immigration laws to include U.S. Citizenship and Immigration Services ("USCIS"), that processes applications for lawful immigration into the United States, and Immigration and Customs Enforcement ("ICE"), that enforces the immigration laws of the United States. USCIS maintains and utilizes several forms for facilitating the immigration process that are required to be truthfully completed by immigrants and petitioners and signed under penalty of perjury. For example, Form I-130, entitled "Petition for Alien Relative" and Form I-485, entitled "Application to Register Permanent Resident or Adjust Status" are forms used by USCIS for facilitating lawful immigration to the United States.

24. Under United States immigration laws, aliens may obtain lawful permanent resident status and naturalization as a United States citizen by lawfully marrying a United States citizen. A U.S. citizen may seek classification of the alien spouse by filing the Form I-130 petition. The alien may concurrently file Form I-485 to seek to adjust his or her status to lawful permanent resident. The evidence required to support such an a petition, made of Forms I-130 and I-485, for an alien spouse's adjustment of status must include proof of legal termination of all prior marriages. A pre-existing marriage not validly terminated is a bar to recognition of the

marriage upon which an immigration petition is based.

## Background

25. On or about July 22, 2005 T.M., a citizen of Ghana and non-citizen of the United States, married B.W., a United States citizen, for the sole purpose of obtaining United States Citizenship through his marriage to B.W. T.M. promised to pay B.W. approximately $5,000 for entering into the marriage with T.M.

26. On September 28, 2006, T.M. and B.W. were interviewed by officials from USCIS regarding T.M.'s application for lawful permanent residence status. T.M. and B.W. were ordered to return on September 25, 2007 for further interview regarding their pending applications.

27. On September 25, 2007, T.M. arrived at the USCIS offices as directed, but B.W. did not. As a result of B.W.'s failure to report as directed, T.M.'s application to adjust status was denied, and USCIS placed T.M. into removal proceedings, that is, proceedings to require T.M. to leave the United States.

## Conduct

28. On September 28, 2007, T.M. filed a Complaint for Absolute Divorce, drafted by defendant **KAREN KIMBLE,** from B.W. in the Circuit Court for Baltimore County.

29. On October 3, 2007, defendant **KAREN KIMBLE** filed or caused to be filed with the Circuit Court for Baltimore County a false Affidavit of Service signed by "Erica A. Ross", which falsely stated that "Erica A. Ross" had served B.W. with T.M.'s Complaint for Absolute Divorce.

30. On January 3, 2008, defendant **KAREN KIMBLE** caused to be filed an Answer to the Complaint for Absolute Divorce, which falsely stated that B.W. signed and filed the Answer when in fact it was signed and filed by defendant **KAREN KIMBLE**. The Answer also

falsely stated that B.W. served T.M. with a copy of the Answer and contained a certification that B.W. did not wish to file any counterclaims. B.W. had no knowledge of the divorce proceedings or the documents ostensibly filed by her.

31. On February 14, 2008, T.M., using a false name on the marriage certificate, and defendant **KAREN KIMBLE** married in Baltimore County, Maryland. At this time, T.M. was still legally married to B.W. Additionally, T.M. used a false name on the marriage certificate.

32. On March 7, 2008, the Circuit Court for Baltimore County entered a Judgment of Absolute Divorce on behalf of T.M. and B.W., ending their marriage.

33. On March 21, 2008, defendant **KAREN KIMBLE** submitted to USCIS a Form I-130, which falsely stated that T.M.'s marriage ended in January 2008.

### The Charge

34. On or about March 21, 2008, in the District of Maryland and elsewhere, the Defendant,

**KAREN KIMBLE,**
aka "KAREN KIMBLE-MAMAH,"
aka "KAREN MAMAH,"

did knowingly subscribe as true under penalty of perjury under 28 U.S.C. § 1746 a false statement with respect to a material fact in an application, to wit, Immigration Form I-130, Petition for Alien Relative, that is, that T.M. legally divorced B.W. in January 2008, and that **KAREN KIMBLE** legally married T.M. on February 14, 2008, which statements **KAREN KIMBLE** then and there knew was false, in that **KAREN KIMBLE** knew that there was no valid divorce of T.M. and B.W. in January 2008, and that KAREN KIMBLE's marriage to T.M. was not valid because T.M. was not legally divorced from B.W. at the time of **KAREN KIMBLE's** marriage to T.M.

18 U.S.C. § 1546(a)
18 U.S.C. § 2

## FORFEITURE PROVISION

The Grand Jury further finds that:

1. Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 1956(c)(7), 1961(1) and 28 U.S.C. § 2461(c), upon conviction of an offense in violation of 18 U.S.C. § 1343, as alleged in Counts One through Seven, the defendant shall forfeit to the United States of America all property, real and personal, which constitutes and is derived from proceeds traceable to the scheme to defraud.

2. The property to be forfeited includes, but is not limited to, a sum of money equal to the value of the proceeds of the scheme to defraud which amount is at least **$211,698.** *PMN*

3. If any of the property described above, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. §§ 981(a)(1)(C), 1956(c)(7), 1961(1); 28 U.S.C. § 2461(c); FED. R. CRIM. P. 32.2(a),

*[signature]*
Rod J. Rosenstein
United States Attorney

A TRUE BILL:

Foreperson
**SIGNATURE REDACTED**

Date
1/24/2013

14