UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **Criminal No. WDQ-13-035** |
| **KAREN KIMBLE** | * | |

\* \* \* \* \* \* \* \* \* \* \*

## MOTION TO SUPPRESS EVIDENCE

Defendant Karen Kimble, by and through her attorney, C. Justin Brown, hereby moves this Honorable Court to suppress evidence seized from 23 Rachel Court, Owings Mills, Maryland, under the authority of a search warrant executed on or about August 11, 2011, and all fruits thereof. In support of this motion, undersigned counsel states the following:

1. Kimble is charged in a 21-count indictment with wire fraud, subscribing to a false tax return, aiding in the filing of a false tax return, aggravated identity theft and visa application fraud.

2. In a previous case, *United States v. Karen Mamah*, 11-cr-593 (BEL), Kimble was charged with, and eventually pleaded guilty to, perjury.

3. At the time of the investigation into the perjury case, an agent from the Department of Homeland Security applied for, and received, a warrant to search Karen Kimble's residence at 23 Rachel Court. Ex. 1 (Search Warrant).

4. The search warrant, signed by a U.S. Magistrate Judge, authorized the search of the following: "fruits, evidence and instrumentalities of marriage fraud, false statement,

unlawful procurement of citizenship, and perjury, in violation of 8 USC 1325(c), and 18 USC 100, 1425, 1621, 1623, listed on Attachment B." *Id.*

5. Attachment B to the Warrant enumerated the "Items to be Seized from 23 Rachel Court, Owings Mills, MD 21117." Attachment B then states that officers were permitted to seize "Any and all records and documents relating to the travel of Karen Mamah aka Karen Kimble to Ghana in 2006 including but not limited to…" Various types of documents and records were then listed in Attachment B.

6. On August 11, 2011, law enforcement officers entered the home pursuant to the search warrant and seized two boxes of miscellaneous documents and a gym bag containing $41,320.00 cash.

7. In discovery provided in the instant case, undersigned counsel received 17 pages of documents from that search of 23 Rachel Court. The remainder of what was seized is unknown to undersigned counsel.

8. Based on information and belief, much of what was seized from Kimble's residence had nothing to do with "records and documents relating to the travel of… Karen Kimble to Ghana in 2006." Ex. 1, Attachment B. Indeed, the 17 pages of documents provided by the Government in discovery seem to have nothing to do with travel to Ghana.

9. Evidence seized outside the scope of a warrant must be suppressed. *See Weeks v. United States*, 232 U.S. 383, 392–94 (1914) (overruled on other grounds). In circumstances in which officers "grossly exceed the scope of a search warrant in seizing property," a search will be invalidated in its entirety, and all evidence seized will be

suppressed. *United States v. Uzenski*, 434 F.3d 690, 706 (4th Cir. 2006). Such "blanket suppression is warranted where the officers engage in a 'fishing expedition for the discovery of incriminating evidence.' " *Id.*

10. In the instant case, the searching officers grossly exceeded the scope of the search warrant authorized by the Magistrate Judge, and therefore blanket suppression is warranted.

11. In addition, any "fruit of the poisonous tree" that was derived from this illegal search must be suppressed under the exclusionary rule.

WHEREFORE, for the reasons described above, Kimble moves this Honorable Court to grant this Motion and suppress all evidence, direct and derivative, obtained as a result of the illegal search of 23 Rachel Court on August 11, 2011.

Respectfully submitted,

_____/s/_____
C. Justin Brown
THE LAW OFFICE OF C. JUSTIN BROWN
231 E. Baltimore Street, Suite 1102
Baltimore, Maryland 21202
Tel: (410) 244-5444
Fax: (410) 934-3208

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of May, 2013, a copy of the foregoing Motion was sent to each of the parties via CM/ECF.

_____/s/_____
C. Justin Brown